**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INFUCARE RX, INC.,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**SAJAL ROY,**<br><br>       **Defendant.** | **Civil No. 22-6342 (ES) (CLW)**<br><br>**MEMORANDUM and ORDER** |

**SALAS, DISTRICT JUDGE**

  This matter comes before the Court upon Plaintiff InfuCare Rx, Inc.'s ("InfuCare" or "Plaintiff") motion for a "temporary restraining order and preliminary injunction" ("Motion") against Defendant Sajal Roy ("Roy" or "Defendant"). (D.E. No. 8).

  According to the Complaint, on November 30, 2018, InfuCare purchased Defendant's business, Factor One Source Pharmacy LLC ("Factor One"). (D.E. No. 1 ("Complaint" or "Compl.") ¶ 1). Factor One, like InfuCare, was engaged in the business of "specialty pharmacy services, home infusion, and/or treatment of hemophilia and bleeding disorders." (*Id.* ¶ 39). At the time of the purchase, Factor One owned two other specialty pharmacy businesses—Fast Access Specialty Therapeutics, LLC ("FAST") and Pharmacy Health Alliance LLC ("PHA"). (*Id.* ¶ 27; D.E. No. 11 ("Mov. Br") at 3). InfuCare's purchase of Factor One, FAST, and PHA (together "the entities") "was an important investment in growing InfuCare's national specialty pharmaceutical and infusion business." (Mov. Br. at 3). Defendant allegedly received more than twenty-five million dollars in the form of cash and rollover equity in InfuCare for the sale of the entities. (Compl. ¶ 1).

1

In connection with InfuCare's purchase of Factor One, FAST, and PHA, Defendant allegedly executed a Restrictive Covenant Agreement ("RCA") with InfuCare dated November 30, 2018. (*Id.* ¶ 32). Pursuant to the terms of the RCA, Defendant agreed to abide by five-year post-closing "non-competition, non-solicitation, and confidentiality covenants that do not expire until November 30, 2023[,] at the earliest." (*Id.* ¶ 2). More specifically, as alleged in the Complaint, Defendant agreed not to (i) compete directly or indirectly with InfuCare, or engage "in any business that was acquired by InfuCare, including but not limited to dispensing medications or offering clinical counseling or support for five years" in the United States following the purchase of the entities; (ii) "'solicit, divert, [or] take away . . . any existing or prospective customer'" of InfuCare for the purpose of competing with InfuCare for five years following the purchase of the entities; or (iii) disclose or misuse any of InfuCare's confidential information. (*Id.* ¶¶ 35–41 (citing D.E. No. 1-1, Ex. A to Compl. ¶¶ 3(a)–(b) & 4(a))).

At the time of the purchase, on November 30, 2018, Defendant also allegedly entered into an employment agreement ("Employment Agreement") with InfuCare, under which he received "in excess of $500,000[] in salary and benefits, along with an executive role at the company." (*Id.* ¶¶ 1 & 44). Plaintiff alleges, that in exchange for his employment with InfuCare, Defendant signed Schedule A to the Employment Agreement ("Schedule A") which contained post-employment non-competition, non-solicitation, and non-disclosure covenants. (*Id.* ¶¶ 47–48 (citing D.E. No. 1-2, Ex. B to Compl.)). In particular, pursuant to Schedule A, Defendant was subject to non-competition and non-solicitation covenants for a period of 18 months following the end of his employment with InfuCare. (*Id.* ¶¶ 48–49 (citing D.E. No. 1-2, Ex. B. to Compl. ¶¶ 3–4); Mov. Br. at 7). Plaintiff further alleges that under Schedule A, Defendant agreed not to disclose InfuCare's Confidential Information *at any point* during or following his employment with

InfuCare.  (Compl. ¶ 50 (citing D.E. No. 1-2, Ex. B. to Compl. ¶ 1); Mov. Br. at 7 (citing D.E. No. 1-2, Ex. B. to Compl. ¶ 1.2)).  During the course of his employment with InfuCare, Defendant allegedly worked as both Vice President of Operations and Chief Business Development Officer and became privy to InfuCare's confidential information, including its pricing strategies and business development/marketing plans.  (Compl. ¶¶ 53–56).

As alleged in the Complaint, on January 18, 2021, Defendant voluntarily resigned from his position at InfuCare.  (*Id.* ¶ 64).  The resignation became effective on March 4, 2021.  (*Id.*). Plaintiff alleges that on April 15, 2021, Defendant separated his employment with InfuCare pursuant to a Separation Agreement and General Release ("Separation Agreement") which re-affirmed the post-employment restrictive covenants contained in the RCA and in Schedule A of the Employment Agreement.  (*Id.* ¶¶ 66–67 (citing D.E. No. 2, Ex. C to Compl. at 3 & 11)[1]). Around the time of his resignation, Defendant also allegedly entered into a Purchase Agreement with InfuCare dated April 15, 2021, whereby Defendant received more than $20,000,000 in cash for Defendant's stock in InfuCare.  (*Id.* ¶¶ 71–73).  Plaintiff claims that pursuant to the Purchase Agreement, Defendant re-affirmed his obligations under the post-employment restrictive covenants contained in the RCA and in Schedule A of the Employment Agreement.  (*Id.* ¶ 75 (citing D.E. No. 2, Ex. D to Compl. ¶ 8.5)).  In addition, the Complaint states that as a part of the Purchase Agreement, Defendant agreed not to "'work on, advise, consult or provide services, either directly or indirectly, on any contract or with respect to any business relationship involving or related to [InfuCare].'"  (*Id.* ¶¶ 77 (citing D.E. No. 2, Ex. D to Compl. ¶ 8.5(b))).

Plaintiff alleges that on or about October 10, 2022, Defendant commenced employment as

---

[1]  Unless otherwise noted, pin cites to Docket Entry Number 2 refer to the pagination automatically generated by the Court's electronic filing system.

"Vice President of Supply Chain" with Soleo Health, Inc. ("Soleo"), a direct competitor of InfuCare in the specialty pharmacy, home infusion, and bleeding disorder markets. (*Id.* ¶¶ 6 & 92). According to the Complaint, Defendant's employment with Soleo is directly in contravention with the non-competition, non-solicitation, and confidentiality covenants of the (i) RCA, (ii) Schedule A of the Employment Agreement, (iii) the Separation Agreement, and (iv) the Purchase Agreement. (*Id.* ¶ 93). First, Plaintiff claims that "[d]espite knowing Soleo is a competitor, [Defendant] accepted employment with Soleo anyway, violating his non-competition obligations—particularly those associated with the RCA." (Mov. Br. at 10). Second, Plaintiff claims that Defendant violated his non-solicitation obligations by contacting one of InfuCare's clinical management partners, Ethical Factor, and encouraging Ethical Factor to cease or diminish doing business with InfuCare. (Compl. ¶ 99). Third, Plaintiff claims that Defendant is using and disclosing InfuCare's confidential information, including its pricing, marketing, therapeutic, and business strategy information to Soleo and is actively working with Soleo to implement strategies that will take away market share from InfuCare. (Compl. ¶¶ 9 & 96–97; Mov. Br. at 1).

On October 28, 2022, Plaintiff commenced this action against Defendant, alleging one claim for breach of the (i) RCA, (ii) Schedule A of the Employment Agreement, (iii) the Separation Agreement, and (iv) the Purchase Agreement. (Compl. ¶¶ 104–10). On October 31, 2022, Plaintiff filed the instant Motion. (D.E. No. 8). Plaintiff requests that the Court restrain and enjoin Defendant (i) from "working at Soleo[,]" until at least November 30, 2023, (ii) from "using or disclosing Plaintiff's Confidential Information" as defined in the RCA and Schedule A of the Employment Agreement, and (iii) from soliciting, diverting, or taking away any existing or

prospective customer of InfuCare until at least November 30, 2023. (D.E. No. 9 at 2–4).[2] Plaintiff also requests that Defendant identify in writing all the individuals with whom he has shared any of InfuCare's information. (*Id.* at 4).

Though Plaintiff's motion seeks a temporary restraining order and a preliminary injunction, the Court views the Motion as requesting a preliminary injunction only. (Mov. Br. at 2). As the Third Circuit has noted, "[a]t times, it is difficult to distinguish which form of relief has been invoked." *Snee v. Barone*, 359 F. App'x 281, 284 n.4 (3d. Cir. 2009) (citing *Nutrasweet Co. v. Vit-Mar Enters.*, 112 F. 3d 689, 692 (3d Cir. 1997)). But where, as here, the party purported to request both forms of relief but filed the motion with notice to the opposing party, courts have treated the motion as requesting a preliminary injunction. *See, e.g.*, *id.* This is because "temporary restraining orders are of extremely short duration and typically issue without notice to the opposing party." *Id.* (citing Fed. R. Civ. P. 65(b)). In addition, temporary restraining orders "are ordinarily aimed at temporarily preserving the status quo[,]" *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d. Cir. 2020), and "'preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Id.* (quoting *Granny Goose Foods Inc. v. Bhd. Of Teamsters*, 415 U.S. 424, 439 (1974)). Here, Plaintiff has filed a certificate of service with its motion and Defendant has already appeared in this matter with counsel, which necessarily means Defendant is on notice of Plaintiff's motion through the Court's electronic filing system. (*See* Mov. Br. at 25; D.E. Nos. 5 & 6, Notices of Appearance of Frederick W. Alworth and Jonathan Steven Liss on behalf of Defendant). Moreover, the injunctive relief sought by Plaintiff goes beyond preservation of the status quo. Indeed, Plaintiff seeks affirmative relief that, if granted, would restrain and enjoin

---

[2] Unless otherwise noted, pin cites to Docket Entry Number 9 refer to the pagination automatically generated by the Court's electronic filing system.

Defendant from working in his current position at Soleo until at least November 30, 2023.  (Compl. ¶ 110; D.E. No. 9 at 2–4).  As such, the Court finds that the proper vehicle for the type of relief Plaintiff seeks is a motion for a preliminary injunction.

Accordingly, IT IS on this 3rd day of November 2022,

**ORDERED** that the Court will treat Plaintiff's Motion as one for a preliminary injunction; and it is further

**ORDERED** that Defendant shall file any opposition no later than November 14, 2022 and Plaintiff shall file any reply no later than November 21, 2022.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**