NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INFUCARE RX, INC.,<br><br>          *Plaintiff*,<br><br>v.<br><br>SAJAL ROY, ROY INVESTMENT GROUP, LLC, SOLEO HEALTH HOLDINGS, INC., HAROLD E. CANNON, SOUTH WALTON PHARMACY, LLC D/B/A SANTA ROSA PHARMACY, and DAN A. ROBIN, SR.<br><br>          *Defendants.* | Case No.: 2:22-cv-6342-JKS-CLW<br><br>OPINION<br><br>October 30, 2024 |

**SEMPER**, District Judge.

Before the Court is Plaintiff InfuCare Rx, Inc.'s ("Plaintiff" or "InfuCare") Appeal of the Honorable Cathy L. Wador, U.S.M.J.'s April 10, 2024 Order (ECF 208) substantially denying InfuCare's motions to quash Defendant Sajal Roy's ("Defendant" or "Roy") third-party subpoenas and granting Defendant's request to depose InfuCare's general counsel Tiffany Scheppers and current president Dhara Patel. (ECF 219, "Appeal.") Roy opposed the appeal. (ECF 232, "Opp.") InfuCare filed a brief in reply. (ECF 239, "Reply.") The Court has decided this appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c), and upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78; and

**WHEREAS** this case stems from the dissolution of the business relationship between InfuCare and Roy. (*See generally*, ECF 174, Second Amended Verified Complaint.) The instant Appeal concerns discovery disputes. In connection with his affirmative defenses and counterclaims, Roy served certain third-party subpoenas and sought to depose Scheppers and

Patel. (Opp. at 1-2.) InfuCare moved to quash these third-party subpoenas and to issue a protective order insulating Scheppers and Patel from being deposed. (Reply at 1.) After holding oral argument, Magistrate Judge Waldor substantially denied InfuCare's motions. The April 10, 2024 Text Order provides: "Oral argument on informal motions to quash defense subpoenas:[]Mrs. Patel will be deposed, motion denied. Mr. Scheppers will be deposed, motion denied. First Equity motion to quash is granted without prejudice." (ECF 208.) During oral argument, Judge Waldor explained that InfuCare generally lacked standing to quash the subpoenas, overruled objections to the depositions, and instructed that if the depositions became harassing, InfuCare could contact the Court. (*See* ECF 217, Transcript of Motion Hearing on April 10, 2024.) Since this Appeal was filed, Scheppers and Patel were deposed; therefore, the issue as to the protective order is now moot. (ECF 276; ECF 277.) Accordingly, the Court will only address the standing issue as to the third-party subpoenas.

**WHEREAS** in a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, the Local Rules for this district provide that "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days[,]" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." Local Civ. R. 72.1(c)(1)(A); and

**WHEREAS** "[a] discovery order is generally considered to be non-dispositive." *Williams v. Amer. Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial

2

matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); Local Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004); and

**WHEREAS** a district court "will determine that a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 92 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law"); and

**WHEREAS** a district court may also apply a more deferential standard, the abuse of discretion standard "[w]here the appeal seeks review of a matter within the exclusive authority of

3

the [m]agistrate [j]udge, such as a discovery dispute." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also Callas v. Callas*, No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Kresefsky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."); 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 3069 (2d ed. 1997) (noting that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). An abuse of discretion arises "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976). Further, "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. United States*, 518 U.S 81, 100 (1996); *see also Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) ("Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones."); and

**WHEREAS** InfuCare argues that Judge Waldor clearly erred in her Order because InfuCare had standing to object to the third-party subpoenas (ECF 219); and

**WHEREAS** Roy argues that Judge Waldor did not abuse her discretion or clearly err in her Order (ECF 232); and

4

**WHEREAS** InfuCare fails to satisfy the burden of demonstrating that Judge Waldor's Order was clearly erroneous or contrary to law. *See Marks*, 347 F. Supp. 2d at 149. To that end, InfuCare also fails to satisfy the more deferential abuse of discretion standard in the context of this discovery dispute. *See Callas*, 2019 WL 449196, at *2. Ordinarily, "a party does not have standing to quash a subpoena served on a third party." *Rudelli v. Lilly*, No. 19-07464, 2020 U.S. Dist. LEXIS 269636, at *3 (D.N.J. Nov. 13, 2020) (quoting *Thomas v. Marina Associates*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997))). However, "[a] party to an action has standing to quash or modify a non-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information." *Malibu Media, LLC v. Doe*, No. 15-1821, 2015 WL 7776895, at *3 (D.N.J. Dec. 2, 2015). In a May 2, 2024 Letter Order addressing InfuCare's request to stay discovery pending the current appeal, Judge Waldor reiterated the basis for her April 10, 2024 Order. (*See generally* ECF 230.) Judge Waldor explained that InfuCare lacked standing to object to the subpoenas where it had no personal privilege in the production sought. (*Id.* at 2.) Judge Waldor further explained, however, to the extent "'InfuCare claims a clear proprietary and confidentiality interest in the claims data and pricing information sought by Roy's Subpoenas to InfuCare's payors[]'. . . [t]he Court finds this a valid objection to the extent it concerns the subpoenas' request for information 'related to InfuCare's purchase, claims, and dispensing history conducted under InfuCare's Pharmacist in Charge, Specialty Pharmacist, or other similar designation[.]'" (*Id.* (internal citations omitted).) The Court agrees with the reasoning in the May 2, 2024 Letter Order; and

**WHEREAS** Magistrate Judge Waldor's April 10, 2024 Order is **AFFIRMED**. An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties