**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INFUCARE RX, INC., *Plaintiff,* v. SAJAL ROY, ROY INVESTMENT GROUP, LLC, HAROLD E. CANNON, SOUTH WALTON PHARMACY, LLC D/B/A SANTA ROSA PHARMACY, and PHARMA FUSION LLC. *Defendants.* | Civil Action No. 22-6342 **OPINION** September 3, 2025 |

**SEMPER**, District Judge.

Before the Court are Plaintiffs' two related motions. The first is Plaintiff InfuCare Rx, Inc.'s ("Plaintiff" or "InfuCare") partial motion to dismiss Defendant Sajal Roy, Roy Investment Group, LLC, and Pharma Fusion LLC's (together, "Defendants") Second Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 308-1, "Mot. I".) The second is InfuCare's partial motion to dismiss Defendants' Third Amended Counterclaims pursuant to Federal Rule of Civil Procedure12(b)(6). (ECF 376-1, "Mot. II".) The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's partial motions to dismiss are **GRANTED**, and Counts One, Two, and Three of Defendants' Third Amended Counterclaims are **DISMISSED** with prejudice.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of the instant motions, the Court does not retrace this case's full factual and procedural history. This Court's October 22, 2024 Opinion granting in part and denying in part Plaintiff's motion to dismiss Defendants' first amended counterclaims includes a detailed recounting of the factual background of this matter. (*See* ECF 273, "Opinion" or "Op.") The Court incorporates the factual and procedural history from its prior Opinion herein.

After this Court granted in part and denied in part InfuCare's motion to dismiss, Defendants filed Second Amended Counterclaims, bringing claims for breach of the implied covenant of good faith and fair dealing (Count One) and unjust enrichment (Count Two). (ECF 292, "SACC" ¶¶ 51-64.) InfuCare moved to dismiss the first count of the SACC.[1] (*See* Mot. I.)[2] Subsequently, InfuCare filed a Third Amended Complaint that added Pharma Fusion LLC as a defendant to Plaintiff's existing tortious interference, misappropriation of trade secrets, unjust enrichment, and civil conspiracy claims. (*See* ECF 334, "TAC".) Defendants answered the TAC and filed their Third Amended Counterclaims within that answer, which include two additional counts under the Declaratory Judgment Act, *see* 28 U.S.C. §§ 2201, 2202. (ECF 354, "TACC" ¶¶ 57-71.)[3] Plaintiff now moves to dismiss these claims for declaratory judgment, and at the same time renews its

---

[1] This Court denied InfuCare's motion to dismiss Defendants' unjust enrichment claim, finding that Defendants had sufficiently stated a claim for unjust enrichment under Federal Rule 12(b)(6). (Op. at 23.) Plaintiff does not challenge that claim (Count Four) in its present motions.

[2] Defendants filed an opposition brief. (ECF 314, "Opp. I".) InfuCare filed a reply. (ECF 316, "Reply I".)

[3] The Third Amended Counterclaims are operative, and state two claims for declaratory judgment (Counts One and Two), a claim for breach of the implied covenant of good faith and fair dealing (Count Two), and an unopposed claim for unjust enrichment (Count Four).

motion to dismiss Defendants' claim for breach of the implied covenant of good faith and fair dealing. (*See* Mot. II at 3 n.1.)[4]

The Court considers both of Plaintiff's motions to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

"Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a motion to dismiss a complaint." *RBC Bank (USA) v. Petrozzini*, No. 12-155, 2012 WL 1965370, at *2 (D.N.J. May 31, 2012); *see County of Hudson v. Janiszewski*, 351 F. App'x 662, 667 (3d Cir. 2009) ("Though we 'must accept all factual allegations in [the] complaint[, or in this case, the counterclaim,] as true, [ ] we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion

---

[4] Defendants oppose the motion. (ECF 387, "Opp. II.") InfuCare filed a reply. (ECF 389-1, "Reply II.")

3

couched as a factual allegation." (alterations in original) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007))). Under this standard, the counterclaim must contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 570). In evaluating the sufficiency of a counterclaim, the court must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court will, however, accept the counterclaim's well-pleaded facts as true. *Fowler*, 578 F.3d at 210.

## III. ANALYSIS

### A. Declaratory Judgment (Counts One and Two)

In the Third Amended Counterclaims, Defendants assert two claims for declaratory judgment.[5] Specifically, Count One seeks a declaratory judgment that "InfuCare does not have a legitimate protectable interest in its pricing, reimbursement information, specific customer names, profitability information and business plans and this information are [sic] not trade secrets." (TACC ¶ 64.) Count Two seeks a declaratory judgment that the tolling provisions in the Restricted

---

[5] Plaintiff argues that Defendants' declaratory judgment claims are procedurally improper, because Defendants did not seek leave of this Court or consent from the opposing party as required by Federal Rule of Civil Procedure 15(a)(2). (*See* Mot. II at 5.) Defendants do not dispute this, but in response argue that based on the "moderate" approach prevailing in this District, leave was not required and Defendants' TACC was proper. (*See* Opp. II at 7.) The moderate approach—which New Jersey courts apply—"allows for an amended response adding claims without leave only when 'the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.'" *Patel v. Pandya*, No. 14-8127, 2016 WL 3129615, at *2 (D.N.J. June 2, 2016) (quoting *Slim CD, Inc. v. Heartland Payment Sys., Inc.*, 2007 WL 2459349, at *6 (D.N.J. Aug. 24, 2007)). Plaintiff's TAC did moderately increase the breadth and scope of the case, though it did not introduce additional theories of liability. (*See* Mot. II at 2.) However, the Court need not to determine the procedural propriety of Defendants' TACC, because it dismisses Defendants' declaratory judgment claims on other grounds. *See infra*.

4

Covenants Agreement and Schedule A of the Employment Agreement "have expired and are no longer applicable." (*Id.* ¶ 71.)

Courts maintain "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act" and "may exercise that discretion and dismiss declaratory judgment claims where the judgment sought is 'duplicative or redundant of other claims.'" *State Farm Guar. Ins. Co. v. Tri-County Chiropractic & Rehab. Ctr., P.C.*, No. 22-4852, 2023 WL 4362748, at *13 (D.N.J. July 6, 2023) (quoting *Gov't Emps. Ins. Co. v. Elkholy*, No. 21-16255, 2022 WL 2373917, at *12 (D.N.J. June 30, 2022)).

The declaratory judgment Defendants seek in Count One is duplicative of the other claims at issue in this litigation. To succeed on its misappropriation of trade secrets claim, InfuCare must establish that:

> (1) <u>a trade secret exists</u>; (2) the information comprising the trade secret was communicated in confidence by plaintiff to the [defendant]; (3) the secret information was disclosed by [the defendant] and in breach of that confidence; (4) the secret information was acquired by a competitor with knowledge of [another's] breach of confidence; (5) the secret information was used by the competitor to the detriment of plaintiff; and (6) <u>the plaintiff took precautions to maintain the secrecy of the trade secret</u>.

*Talon Indus., LLC v. Rolled Metal Prods., Inc.*, 2022 WL 3754800, at *9 (D.N.J. Aug. 30, 2022) (emphasis added). Because the judgment Defendants seek is a disputed element of one of Plaintiff's claims, declaratory judgment would be "duplicative or redundant of other claims" active in the case. *State Farm*, 2023 WL 4362748, at *13. Therefore, Plaintiff's motion to dismiss Count One of the TACC is **GRANTED**.

This Court must also dismiss Count Two of Defendants' TACC. On July 17, 2025, this Court issued an Opinion and Order reserving the question of the enforceability of the tolling provisions until after the parties have presented evidence at trial. (*See* ECF 401, Opinion & Order).

Defendants' counterclaim is therefore **MOOT**, and Plaintiff's motion to dismiss Count Two of the TACC is **GRANTED**.  Counts One and Two of the TACC are **DISMISSED** with prejudice.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Three)

In Count Three, Defendants reassert their claim that the Separation and Purchase Agreements contain an implied covenant of good faith and fair dealing that required InfuCare "to remove Dr. Roy as the PIC [Pharmacist in Charge] and/or specialty pharmacist with all state boards of pharmacy as well as all governmental and commercial payors."  (TACC ¶ 76.)  Defendants allege that InfuCare's failure to do so caused Dr. Roy "substantial damage" by depriving him of his reasonable expectations and benefits under the Separation and Purchase Agreements.  (*Id.* ¶ 79.)  InfuCare argues that this claim must be dismissed because it is "nearly identical" to the breach of implied covenant counterclaim this Court already dismissed and therefore suffers the same deficiencies.  (Mot. I at 8.)

Under New Jersey law a claim for breach of the implied covenant of good faith and fair dealing "cannot proceed 'unless the underlying conduct is distinct from that alleged in a corresponding breach of contract claim.'"  (Op. at 21) (quoting *MZL Cap. Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018)).  In its October 22, 2024 Opinion, this Court dismissed Defendants' breach of implied covenant claim along with their two breach of contract claims that shared the same factual foundation.  (*Id.* at 20.)  The Court concluded that Defendants "d[id] not plead additional facts that would distinguish [Roy's] implied covenant claim from his breach of contract claims" and allowed Defendants to file amended counterclaims consistent with the Court's Opinion.  (*Id.* at 21; ECF 274, Order, at 2.)

When Defendants filed Second Amended Counterclaims, they repleaded their implied covenant claim, but did not replead either breach of contract claim.  (*See generally* SACC;

6

TACC.) Defendants now argue that they have cured the deficiencies of the implied covenant claim because here, "*no breach of contract claim is plead*." (Opp. I at 7) (emphasis in original). This Court is unpersuaded by Defendants' attempt to bypass the requirements of New Jersey contract law, which limits implied covenant claims where a plaintiff also pleads breach of contract. *See MZL Cap. Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 106 (3d Cir. 2018) ("No claim for a breach of the covenant of good faith and fair dealing may lie, however, unless the underlying conduct is distinct from that alleged in a corresponding breach of contract claim."). It remains true that Defendants "do[] not plead additional facts that would distinguish [their] implied covenant claim from [their] breach of contract claims." (Op. at 21.)

Moreover, New Jersey law only permits an independent claim for breach of implied covenant in three situations, the first of which is "to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations[.]" *Ohm Sys., Inc. v. Senergene Sols., LLC*, No. 23-1340, 2023 WL 8437279, at *3 (D.N.J. Dec. 5, 2023).[6] This Court previously concluded that Defendant Roy "di[d] not assert that his claim falls into one of the three situations" necessary for an independent breach of implied covenant claim to proceed under New Jersey law. (Op. at 21.) Defendants attempt to cure this deficiency by alleging that the obligation to remove Dr. Roy as InfuCare's PIC was "consistent with the parties [sic] contractual expectations."[7] (SACC ¶ 56; TACC ¶ 77.)

---

[6] The remaining two situations are: "(2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance." *Id.* Neither party alleges that either situation is applicable to the facts of this case.

[7] Defendants concede that the terms of the Separation Agreement did not require InfuCare to remove Dr. Roy as PIC. (Opp. I at 1.)

Defendants now argue that their claim falls within the first exception. (Opp. I at 8.) Defendants provide no facts to support this new assertion.[8] Instead, Defendants use legal conclusions to augment their claim—the language added to their pleadings merely recites the controlling case law on the topic. *Compare Ohm Sys. Inc.*, 2023 WL 8437279, at *3 ("consistent with the parties' contractual expectations") *with* SACC ¶ 56; TACC ¶ 77 ("consistent with the parties [sic] contractual expectations of a complete separation.") There are no other material differences between the first iteration of this counterclaim and what Defendants have repleaded here.[9] A "court is not bound to accept as true a legal conclusion couched as a factual allegation." *Saba v. Am. Fam. Life Assurance Co. of Columbus*, No. 16–9064, 2017 WL 3169056, at *2 (D.N.J. July 26, 2017). The Court finds the lack of factual allegations at this late stage of litigation revealing. Defendants cannot resuscitate their claim by pleading legal conclusions without any factual support. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up); *Burtch*, 662 F.3d at 224 (holding that legal conclusions "are not entitled to the assumption of truth").

---

[8] Defendants allege only that "it was implied that InfuCare would have to remove Dr. Roy as the PIC and/or specialty pharmacist with all state boards of pharmacy as well as all governmental and commercial payors" and that "an obligation to remove Dr. Roy as PIC and/or specialty pharmacist [wa]s consistent with the parties [sic] contractual expectations." (SACC ¶¶ 54-55; TACC ¶¶ 75-76.)

[9] Defendants allege in their first amended counterclaims that "InfuCare owed Dr. Roy a duty to proceed in good faith and, following entry of the Separation Agreement and Purchase Agreement, to take immediate steps following the Separation to ensure and confirm that Dr. Roy was removed as InfuCare's PIC and/or specialty pharmacist with all state boards of pharmacy as well as all governmental and commercial payors." (ECF 216, "ACC" ¶ 75.)

Defendants' repleaded counterclaim contains almost identical allegations. (*See* SACC ¶ 56; TACC ¶ 77) ("InfuCare had an implied obligation to ensure and confirm that Dr. Roy was removed as InfuCare's PIC and/or specialty pharmacist with all state boards of pharmacy as well as all governmental and commercial payors, which is consistent with the parties [sic] contractual expectations of a complete separation.")

For the same reasons the Court dismissed Defendants' breach of the implied covenant of good faith and fair dealing claim on October 22, 2025 (*see* Op. at 21), Plaintiff's motion to dismiss Defendants' implied covenant claim (Count Three) is **GRANTED**. Count Three of the TACC is **DISMISSED** with prejudice. *See Slack v. Suburban Propane Partners, L.P.*, No. 10-2548, 2010 WL 5392845, at *9 (D.N.J. Dec. 22, 2010) (dismissing claim with prejudice where "Plaintiffs have been given an opportunity to amend this claim but have failed to do so").

## IV.   CONCLUSION

For the reasons set forth above, InfuCare's partial motions to dismiss (ECF 308, 376) are **GRANTED**. Counts One, Two, and Three of Defendants' Third Amended Counterclaims (ECF 354) are **DISMISSED** with prejudice. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties